We are now going to move to case number two for the morning. This is Appeal 19-2930, Ryze Claim Solutions. This is a review of a mandamus action involving the Southern District of Indiana, District Court Case Number 18-CV1767. We are going to begin with oral argument this morning from Mr. Christopher Murray, who has reserved five minutes of rebuttal time. Let me recognize Mr. Murray. Good morning, Your Honors. May it please the Court, I'm Christopher Murray on behalf of Petitioner Ryze Claim Solutions. Ryze has petitioned this Court for a writ of mandamus. In the petition, Ryze challenges a sua sponte decision by the Southern District of Indiana to retransfer this action back to the Eastern District of California. The sua sponte decision was a clear abuse of discretion because it was contrary to the party's In Atlantic Marine, the Supreme Court held that a proper application of 1404A, which governs the transfer of cases between district courts, a proper application of 1404A requires that a forum selection clause be given controlling weight in all but the most exceptional cases. The Court further instructed that the enforcement of valid forum selection clauses protects the legitimate interests and furthers vital interest, I'm sorry, protects the legitimate expectations of the party and furthers vital interest of the justice system. The Court directed that for that reason, and because the overarching consideration in the 1404A is whether a transfer would promote the interest of justice, a valid forum selection clause should be given controlling weight in all but the most exceptional cases. The core questions presented here are first, what did the Supreme Court mean by the term exceptional cases? And second, is this such an exceptional case? Mr. Murray, let me ask you a question with regard to the mandamus nature of this case. Is it your argument that the district court applied the wrong standard or that the standard was misapplied? Your Honor, we believe that the district court applied the wrong standard. And I would respectfully point out that Atlantic Marine itself was a mandamus action where the court set out what the standard should be. Certainly the district court here referred to Atlantic Marine and referred to and quoted the language from Atlantic Marine. But the court in weighing the public interest factors involved here gave no weight at all to the interest in enforcing forum selection agreements. And Atlantic Marine suggests that that in itself is a factor and in fact in most cases a decisive factor that should be considered by district courts in evaluating a potential transfer where there is a valid forum selection agreement. Mr. Murray, the contrast between the principle brief and the reply brief on this issue of the weight to be given to the forum selection clause is of interest to me. It strikes me that you're characterizing in the principle brief that the forum selection clause weight in and of itself is a public interest factor. Then in the reply brief you seem to back off a bit and indicate well it's never been recognized as a public interest factor but it is still a substantial private interest factor that should merit some deference. Is my characterization unfair there or is that correct? Your Honor, I would respectfully disagree a little bit about whether we characterize it as a substantial private interest factor in the reply brief. That was not our intention. Although I think it is accurate that we do discuss more in the reply brief that it is an overarching consideration. We do note in the reply brief that the public interest factors that the Atlantic Marine Court referred to in its footnote 6 are not exclusive and there is ample case law where other courts applying 1404A identified additional public interest factors. Our intent is to argue that the overarching consideration is of course the interest of justice which is a balancing of both the public and the private interest factors but that the Atlantic Marine directs us that the interest in enforcing valid form selection agreements is decisive in most cases. I don't think that it is clear under Atlantic Marine whether that interest is exclusively private or exclusively public. The Supreme Court's language does note that the parties have a legitimate interest in the enforcement of their agreements which would sound like a private interest factor but it also mentions that there is a vital interest of the justice system involved in the enforcement of form selection agreements which sounds more like a public interest factor. Your Honor, I think that it is not clear under Atlantic Marine that it is whether it is public or private or maybe something different. I think the suggestion that it may be something different is what we attempted to emphasize in our requirements. It appears to be an overarching and maybe even a type of super public interest involved. Certainly the court's language suggests that there is something more required here than simply balancing the ordinary public interest factors because that happens in every 1404A case. We also point out that the factors that are involved here would likely be involved in most if not all diversity cases in which the parties seek transfer to a busy district court like the Southern District of Indiana. In those cases, the interest of the transfer court would be substantial because the claims are likely under the law of that jurisdiction. That jurisdiction would likely be more familiar with the claims and because the Southern District of Indiana is one of the busiest courts in the country, that jurisdiction would likely have a lighter docket load than the Southern District. Those factors don't amount to an exceptional case. They would be very common cases. Mr. Murray, good morning. It's Judge Scudder. I've got a question for you. One of the points that you don't make in your brief is definitely not an area of focus but I wonder whether it's significant is the kind of transfer back posture in which the question presented to us arises. In other words, another way to ask that question is don't you think that the teachings of Atlantic Marine should make it especially difficult for the jurisdiction that's designated in the Foreign Selection Clause to relinquish jurisdiction and transfer the case back to the originating forum here in California once federal claims drop out of the lawsuit? In other words, it's as if the Foreign Selection Clause was given full effect but then hollowed once the California claims or the federal claims dropped out of the case. I wonder whether that's significant in your judgment. Yes, Your Honor. I think it's significant for several reasons. First, the court here acted sui sponte and issued a show cause order which initially placed the burden on rise to demonstrate why the case should not be retransferred back. That's directly contrary to the instruction in Atlantic Marine that the party who is opposing enforcement of the Foreign Selection Clause bears the burden of showing why the public interest factors would weigh against enforcement. Here, that burden was placed on rise. I think that's one issue here. In addition, there's the public interest factor at stake. The district court in Indiana has already invested a year of time in litigating this case. One of the public interest factors that's often discussed is judicial efficiency and familiarity with the law and the facts. Here, sui sponte transferring the case after it's already been litigated would seem to go against judicial efficiency. I think finally, the actions taken by the court here would raise a concern about whether, especially given the fact that there are many busy district courts in the country, whether this would become a tool that would allow those courts to address their docket congestion at various points in the litigation deciding that it would be better to move the case out of that district to the other district, which I think would create significant efficiency issues. I reserve five minutes of my time for rebuttal. Unless the court has further questions, I will reserve the remainder of my time. Thank you. We'll recognize that. We'll now hear from the appellee, Mr. Hatcher. May it please the court, my name is Jason Hatcher, and I'm representing the real party in interest. Mr. Leslie Billings, the respondent in this case. Initially, I would like to thank the court and the court staff for conducting this oral argument telephonically due to the pandemic, as well as the invitation to submit on the papers. Mr. Billings respectfully asked this court to affirm the Southern District of Indiana District Court's order as the public interest factors relied upon by the Southern District of Indiana constituted extraordinary circumstances, as that term is employed in Atlantic Marine. The Southern District of Indiana ruled that all public interest factors presented to the district court outweighed the private interest factor of the forum selection clause and thus warranted transfer. Petitioners failed to demonstrate that the Southern District of Indiana applied the wrong standard under Atlantic Marine or that no reasonable person would agree that the trial court's ruling was unreasonable. I want to address the super public interest factor as quote unquote implied from Atlantic Marine. If the Supreme Court wanted the presence of a valid forum selection clause to be a super public interest factor, the Supreme Court would have stated so and would not have needed to make that an implication. If something's super, then that's something that would be expressly stated. The Supreme Court didn't expressly state that. Rather, to protect the vital interest of enforcing a valid forum selection clause, the Supreme Court instructed that the 1404A transfer analysis needed to be modified or adjusted such that A, a valid forum selection clause should be given controlling weight in all but most exceptional cases and B, that the analysis of the private and public interest factors would be changed such that no weight is applied to the plaintiff's choice of forum in all private interest factors were entirely in favor of the preselected forum and that the choice of law rules of the preselected forum state apply and not the choice of law rules from the original court. Mr. Hatcher, this is Judge Ripple. What law would govern the counterclaim causes of action, causes of action mentioned in the counterclaim? The counterclaim causes of action for the contract claims would potentially be governed under Indiana law. And the impact of the counterclaim would be that the kind of a subsequent condition in the forum selection clause whereby the forum selection clause that RISE offered states that RISE may need to prosecute such litigation in an employee's forum state if it initiates litigation against the employee. So here, even if Indiana law applies to any of the counterclaims such as the contract claims, there's still a provision in the valid forum selection clause which would provide an avenue whereby that claim would be forced to be litigated in California. So going on, the Southern District of Indiana followed the guidelines of Atlantic Marine. It reviewed the court congestion, it reviewed local interest, and it reviewed familiarity with the law. It applied all private interest factors in favor of the Southern District of Indiana and ruled that the case should be transferred to the Eastern District of California because all of the public interest factors that were presented to the court outweighed the private interest factor. In the essence of brevity, if there's no further questions for me, Mr. Billings would respectfully request that the court affirm, that this court affirm the Southern District of Indiana Court's ruling. Mr. Hatcher, this is Judge Brennan. Just a brief follow-up on your answer to Judge Ripple's question. You mentioned that there might still be a provision in the forum selection clause that would provide an avenue where a claim would be litigated in California. Did you mean litigated under California law? No, I didn't mean to go that far, if that's what I implied. I was simply at the supplemental appendix, page 8. The jurisdiction initiates litigation against employees. RISE may need to prosecute such litigation in the employee's forum state. My line kept saying muted and unmuted, so I can repeat if that was broken up. I think we got you. The supplemental appendix, page 8, indicates a clause with regard to litigation of an employee dispute in the employee's forum state. Is that correct?  When RISE initiates litigation against the employee. So the question is whether that provision would apply in the case of a counterclaim, am I right? Correct. Thank you. Judge Ripple, do you have any further questions for Mr. Hatcher? No, thank you. And Judge Scudder, do you have any further questions for Mr. Hatcher? I do not. Mr. Murray, we're going to go back to you, and you have five minutes of rebuttal. Thank you, Your Honor. With respect to the counterclaims, the breach of contract claim that RISE has alleged against Mr. Billings is under Indiana law. Neither court has decided yet which state's law would govern the common law claims or the other claims, I guess statutory and common law, although the Southern District of Indiana suggested that it would likely consider those claims to be covered by California law. But that hasn't been decided by either of the courts yet. I would also add that as the case moves forward, regardless of which court it is in, RISE would have the opportunity to amend its complaint, including adding potentially federal claims to its counterclaim. I obviously can't predict whether either court would allow such an amendment. But the litigation to date has focused on the class claims, the class and collective action claims, and discovery would still be open on the merits of the claims that are currently in the case. So there would not be any apparent reason why RISE could not amend its complaint to add federal claims. I'm sorry. I wondered if you could speak to the question of the form selection clause on the counterclaims. Yes, Your Honor. The form selection clause does talk about or does refer to the potential necessity of RISE pursuing its claims against Mr. Billings or other employees in jurisdictions other than Indiana. But the language that opposing counsel refers to does not govern claims by employees against RISE. The form selection clause is clear that those types of claims are placed exclusively. Well, let me withdraw that. I don't know exclusively, but those claims are intended to be litigated in Indiana, either in Marion or Hamilton County or in the southern district of Indiana. Yes, but what is the applicability of that whole contractual arrangement to the counterclaim? I believe, Your Honor, the intention of that language would be if for some reason an individual defendant that RISE might sue was for some reason that that claim could not be litigated in Indiana. The parties, if there's a, the district court raised the question about whether the counterclaims could be severed and neither party addressed that, but RISE would argue that the counterclaims and the underlying or the claims by Mr. Billings should not be severed. For one thing, Mr. Billings has argued as an affirmative defense to RISE's claims against him that the information that RISE alleges he took, he did so in order to pursue his own claims so that those, the claims and the counterclaims are potentially related enough that they should be litigated together. I see. Thank you. Unless the court has any further questions, I'll sunder the remainder of my time. Thank you. Thank you, Mr. Murray. Judge Ripple, any further questions? No, thank you. And Judge Scudder? No, thank you. Thank you to both counsel for your arguments this morning. The case will be taken under advisement.